```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    - against -

JASON CASTILLO,

              Defendant.

17 cr 740 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The defendant, Jason Castillo, has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), alleging that there are extraordinary and compelling circumstances that justify his release.

The defendant pleaded guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951. The Pre-Sentence Report in this case indicated that the defendant participated in a robbery of two marijuana sellers. In the course of that robbery, the defendant used violence against the sellers. While this was going on, a third individual working with the sellers, opened fire, and that fire killed one of the sellers. Because a victim was killed in the course of the robbery, the Guideline Sentencing Range was enhanced resulting in a Guideline Sentencing Range of 292 to 365 months' imprisonment, which in turn was capped by the statutory maximum term of imprisonment of 240 months. At sentencing, the Court carefully considered all of the circumstances of the offense, and the mitigating factors

including the defendant's role in the offense and his intellectual deficits, and substantially downwardly varied to a sentence of primarily 120 months' imprisonment. The defendant is now scheduled to be released from incarceration on August 15, 2026.

Section 3582(c)(1)(A) provides that a district court may reduce a sentence after considering the factors set forth in Section 3553(a), to the extent they are applicable, provided that the defendant has exhausted administrative remedies and has demonstrated an "extraordinary and compelling reason" that justifies the sentence reduction. See 18 U.S.C. § 3582(c)(1)(A). The factors in Section 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of punishment, (3) the kinds of sentences available; (4) the sentencing guidelines range; (5) any policy statement by the Sentencing Commission; (6) avoiding disparate sentences among similarly situated defendants; and (7) the need to provide restitution. 18 U.S.C. § 3553(a).

The Court of Appeals for the Second Circuit recently has made it clear that a district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory

2

limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (quoting 28 U.S.C. § 994(t)).

The defendant has exhausted his administrative remedies because he sought compassionate release from the Warden at Cumberland, F.C.I., where he is currently incarcerated, and that request was denied.

The plaintiff seeks compassionate release based on a combination of conditions. He points to his vulnerability to COVID-19 because he suffers from obesity and other medical conditions that make him more susceptible to COVID-19 and to serious consequences from that disease. The Government, on the other hand points to the fact that the defendant has already recovered from COVID-19 and has been vaccinated which makes it less likely - although not impossible - that he will again become infected with COVID-19. The defendant also points to the fact that the lockdowns by the Bureau of Prisons have made the defendant's incarceration more difficult than the Court could have contemplated at the time that the Court imposed the sentence. Consistent with Brooker, the Court is prepared to accept that the defendant has pointed to extraordinary and compelling reasons that could justify compassionate release.

3

However, the defendant has failed to show that the factors under 18 U.S.C. § 3553(a) would be satisfied by the defendant's release. The defendant argues vigorously that the defendant's role in the offense and the defendant's intellectual deficits justify a reduction in the defendant's sentence. Indeed, defense counsel has submitted the sentencing memorandum that was submitted by the defendant at the time of the original sentencing. But the Court carefully considered all of those factors and decided to impose a sentence that included a substantial downward variance, which was still sufficient but no greater than necessary to satisfy the sentencing factors in 18 U.S.C. § 3553(a)(2), including a sentence that recognizes the seriousness of the offense and the need for deterrence. The offense was extremely serious and it included the use of violence by the defendant, and the robbery that the defendant initiated resulted in the death of a victim. The Court carefully weighed all of the circumstances of the offense as well as the mitigating factors to arrive at the sentence, including the defendant's role in the offense and his intellectual deficits. None of those factors have changed.

While the Court recognizes that the defendant's incarceration has been difficult, the defendant's conduct in prison does not provide confidence that the Section 3553(a) factors would be served by a reduced sentence. Indeed, the

4

defendant has been a management problem in prison with seven separate incident reports including an incident report for the possession of drugs/alcohol and another incident report for fighting. (Def. Ex. 6 at p.2). On balance, the defendant has failed to show that his early release from imprisonment would be consistent with the factors in 18 U.S.C. § 3553(a).

## CONCLUSION

The Court has considered all of the arguments by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendant's application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **denied**. This denial is without prejudice to any subsequent application should circumstances change.

**SO ORDERED.**

**Dated:** New York, New York
June 21, 2021

_____
John G. Koeltl
**United States District Judge**